DAVID SEROR – Bar No. 67488
JESSICA L. BAGDANOV - Bar No. 281020
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:   (818) 827-9099
Email:        dseror@bg.law
              jbagdanov@bg.law

Attorneys for Nancy Zamora, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:16-bk-11387-GM |
| REAL ESTATE SHORT SALES, INC., | Chapter 7 |
| Debtor. | |
| | **NOTICE OF REMOVAL** |
| HAYA SARA YAVOR, an individual | |
| Plaintiff, | [No hearing required] |
| v. | |
| NANCY HOFFMEIER ZAMORA, an individual; and DOES 1-50, inclusive; | |
| Defendants. | |

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE,**

**AND TO ALL INTERESTED PARTIES:**

   **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1452(a) and 1334(b) and Rule

9027 of the Federal Rules of Bankruptcy Procedure, Nancy Zamora, Chapter 7 trustee ("Trustee") of

the bankruptcy estate ("Estate") of  Real Estate Short Sales, Inc. ("Debtor"), hereby removes the

civil action titled *Yavor v. Zamora,* Case No. 19STCV13803 ("State Court Action"), from the

Superior Court of California, County of Los Angeles ("State Court"), where it is now pending, to the

United States Bankruptcy Court, Central District of California, San Fernando Valley Division.

2127474

1.    **Facts Entitling Party to File Notice of Removal:**  The Debtor's bankruptcy case was commenced by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on May 6, 2016.  The case was converted to one under Chapter 7 of the Bankruptcy Code on September 19, 2017, and Nancy Zamora was appointed as Chapter 7 Trustee, in which capacity she continues to serve.  On December 4, 2018, the Court entered its *Order Authorizing Trustee to Sell Real Property Free and Clear of Liens, Subject to Short Sale Approval* entered on December 4, 2018 (the "Sale Order"), which authorized the Trustee to sell real property located at 10351 Oklahoma Avenue, Chatsworth, California 91311 (the "Property").  After experiencing significant difficulty in removing occupants Nancy Cueva and Julio Molica from the Property, escrow finally closed on or about January 29, 2019, and Haya Sara Yavor ("Buyer") took possession of the Property.

On April 19, 2019, Buyer filed a complaint against the Trustee in Los Angeles County Superior Court, commencing the State Court Action in blatant disregard for the *Barton* doctrine, which prohibits parties from suing chapter 7 trustees in any forum other than the bankruptcy court presiding over the Debtor's bankruptcy case.  See *Barton v. Barbour*, 104 U.S. 126 (1881); *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005).  By the State Court Action, Buyer seeks relief against the Trustee solely in connection with the performance of the Trustee's duties.  This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), and this action is properly removed.

2.    **Core/Non-Core:** The State Court Action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  The Trustee consents to final judgment by the Bankruptcy Court.

3.    **Copies of All Process and Pleadings:** Copies of the docket of the State Court Action and every other document on the docket are attached hereto as Exhibit 1.

4.    **Action Filed After Commencement of Bankruptcy Case:** The State Court Action was commenced on or about April 19, 2019 and the first pleading received by the Trustee, on or about April 30, 2019, was a copy of the Summons and Complaint. This Notice of Removal is being filed within 30 days of receipt of a copy of the Complaint.

**PLEASE TAKE FURTHER NOTICE** that in accordance with Bankruptcy Rules 9027(b) and 9027(c), the Trustee will serve a copy of this Notice of Removal on all parties to the State Court

2127474

1    Action and will file a copy of this Notice of Removal with the clerk for the Superior Court of the

2    State of California, County of Los Angeles.

3         **PLEASE TAKE FURTHER NOTICE** that pursuant to Bankruptcy Rule 9027(c), the

4    parties to the removed action shall proceed no further in the Los Angeles Superior Court unless and

5    until the action is remanded.

6    Dated:  May 30, 2019                                    BRUTZKUS GUBNER

7

8                            By:   /s/ Jessica L. Bagdanov

9                                 David Seror
                             Jessica L. Bagdanov

10                          Attorneys for Chapter 7 Trustee, Nancy Zamora

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2127474

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  19STCV13803
HAYA SARA YAVOR VS NANCY HOFFMEIER ZAMORA

**Filing Courthouse:**  SS : N/A

**Filing Date:** 04/19/2019
**Case Type:**  Other Personal Injury/Property Damage/Wrongful Death (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**10/02/2020** at 10:00 AM in Department 5 at 312 North Spring Street, Los Angeles, CA 90012
Final Status Conference

**10/16/2020** at 08:30 AM in Department 5 at 312 North Spring Street, Los Angeles, CA 90012
Non-Jury Trial

**04/15/2022** at 08:30 AM in Department 5 at 312 North Spring Street, Los Angeles, CA 90012
Order to Show Cause Re: Dismissal

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

ITO KEN ICHI - Attorney for Plaintiff

YAVOR HAYA SARA - Plaintiff

ZAMORA NANCY HOFFMEIER - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**
**05/10/2019** Proof of Personal Service
Filed by Haya Sara Yavor (Plaintiff)

# EXHIBIT "1"

4

**04/25/2019** Certificate of Mailing for ([PI General Order] and Standing Order re PI Procedures and Hearing Dates)
Filed by Clerk

**04/25/2019** PI General Order
Filed by Clerk

**04/19/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**04/19/2019** Summons (on Complaint)
Filed by Haya Sara Yavor (Plaintiff)

**04/19/2019** Civil Case Cover Sheet
Filed by Haya Sara Yavor (Plaintiff)

**04/19/2019** Complaint
Filed by Haya Sara Yavor (Plaintiff)


## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)
None


## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

**05/10/2019** Proof of Personal Service
Filed by Haya Sara Yavor (Plaintiff)

**04/25/2019** Certificate of Mailing for ([PI General Order] and Standing Order re PI Procedures and Hearing Dates)
Filed by Clerk

**04/25/2019** PI General Order
Filed by Clerk

**04/19/2019** Summons (on Complaint)
Filed by Haya Sara Yavor (Plaintiff)

**04/19/2019** Civil Case Cover Sheet
Filed by Haya Sara Yavor (Plaintiff)

**04/19/2019** Complaint
Filed by Haya Sara Yavor (Plaintiff)

**04/19/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

Electronically FILED by Superior Court of California, County of Los Angeles on 04/19/2019 07:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Case 1:19-ap-01064-GM    Doc 1    Filed 05/30/19    Entered 05/30/19 14:03:28    Desc
Assigned for all purposes to Spring Street Courthouse, Judicial Officer, Stephen Goorvitch
Main Document    Page 6 of 42

KEN ICHI ITO (SBN 279304)
MARGARET LEE (SBN 278609)
6400 Laurel Canyon Boulevard, Suite 400
North Hollywood, California 91606
Telephone: (844) 765-8324

Attorneys for Plaintiff,
HAYA SARA YAVOR, an individual

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HAYA SARA YAVOR, an individual | CASE NO.: |
| Plaintiff, | UNLIMITED CIVIL |
| v. | ASSIGNED FOR ALL PURPOSES TO: |
| NANCY HOFFMEIER ZAMORA, an individual; and DOES 1 through 50, inclusive, | DEPARTMENT: |
| Defendants. | **COMPLAINT FOR:** |
| | **(1) NEGLIGENCE** |
| | **(2) FRAUD-CONCEALMENT** |
| | Complaint Filed: |
| | Trial Date: |

COMES NOW Plaintiff HAYA SARA YAVOR, an individual ("hereinafter "Yavor" or "Plaintiff") and DOES 1 through 50, inclusive, upon knowledge as to themselves and upon information and belief as to all other matters, as follows:

# I.

## INTRODUCTION

1.      This case arises from the short sale of a piece of real property, in which Defendant Nancy Hoffmeier Zamora ("Zamora", "Defendant" or "Trustee") is the trustee for this short sale and Plaintiff Haya Sara Yavor is the buyer of this piece of real property.

2.      As part of the court order on this short sale, the occupants were required to vacate the premises but they refused to vacate, so pursuant to this order, Defendant Trustee employed the U.S. Marshal to evict the occupants.

3.      However, in doing so, Defendant Trustee negligently hired a locksmith to screw the doors shut, causing significant damage to the doors.

4.      Moreover, at the time Plaintiff Yavor's agent inspected the real property, Defendant intentionally and fraudulently covered up the floor with tarp and personal property and effects so that Plaintiff would not discover the damaged floor plagued with mold.

5.      After discovering these damages, Plaintiff Yavor's agent hired a professional to inspect the damages and provide an estimate to repair such damages, totaling approximately $50,000 worth of repairs necessary to fix the damages to the property caused by Defendant.

6.      In light of these sequence of events, Plaintiff Yavor brings this lawsuit to recover damages caused by Defendant Trustee's negligent and fraudulent actions.

# II.

## THE PARTIES

7.      Plaintiff Yavor is, and at all relevant times herein was, an individual residing in the country of Israel, who purchased the Property located in the County of Los Angeles, State of California.

8.      Defendant Trustee is, and at all relevant times was, an individual residing in the County of Los Angeles, State of California. Defendant Trustee is, and at all relevant times was, the trustee for the short sale that is at issue herein.

9.      Plaintiff is informed and believes, and based on such information and belief thereon alleges, that at all times relevant herein, Defendants, and each of them, were agents, servants and/or employees, representatives, promoters, directors, officers, instruments and/or alter egos, and/or entities unified in interest and ownership of the other Defendants, and each of them, and in doing the things herein alleged, each Defendant was acting within the course and scope of his/her/their representation, direction, officiating, interest, employment, authority, agency and promotion of all other Defendants and with the permission, ratification and consent of all other Defendants.

10.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of DOES 1 through 50 when their identities have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is in some way responsible for the wrongful acts, omissions and occurrences herein alleged.

## III.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper in this Court pursuant to California Civil Procedure Code Section 410.10.

12.     This Court is the proper forum for the adjudication of this action pursuant to California Civil Procedure Code Section 395.

## IV.

## GENERAL ALLEGATIONS

13.     The short sale at issue is for the purchase of a piece of real property located at 10351 Oklahoma Avenue, Chatsworth, CA  91311 (the "Property").

14.     Pursuant to the Order Authorizing Trustee to Sell Real Property Free and Clear of Liens, Subject to Short Sale Approval filed and entered into on December 4, 2018 (the "Order"), the

occupants of the Property, Nancy Cueva and Julio Molica (collectively "Occupants") were ordered to vacate the Property, without causing damage, no later than 12:00 p.m. on December 17, 2018.

15.    The Order further provides that if Occupants fail to comply wit this Order, then Defendant Trustee may employ the U.S. Marshal to remove Occupants and Occupants' failure to vacate the Property shall not delay the close of escrow.

16.    Occupants failed to vacate the Property on December 17, 2018 as ordered, and Defendant Trustee employed the U.S. Marshal to evict the Occupants from the Property.

17.    In or around January of 2019, Defendant Trustee further proceeded to cause a locksmith to screw the doors of the Property shut. The screws on the door caused significant damage to the Property.

18.    Moreover, on or about September 1, 2018, when Plaintiff Yavor's agent, Shay Yavor ("Plaintiff's Agent"), holding a power of attorney with authority to unilaterally handle this matter, went to inspect the Property as part of the escrow process, Plaintiff's Agent noticed that Defendant Trustee had covered up the floor in the living room of the Property with a tarp-like covering secured into place with multiple pieces of heavy furniture and personal property and effects, later to discover that it was intentionally placed there to conceal the damaged floor underneath that had been plagued with mold and other contaminants.

19.    At all times, the tarp and furniture was preventing Plaintiff's Agent from having access to the floor for inspection. Plaintiff was never granted access to inspect below the tarp and was assured that the floor below had no issues.

20.    It was not until Plaintiff was given possession to the Property, after the Occupants were evicted from the Property, that Plaintiff's Agent uncovered the damaged floor underneath the tarp and furniture that was once there. To Plaintiff's surprise, Plaintiff's Agent discovered the damaged floor and mold infestation only after the tarp and personal belongings of the Occupants were removed, after the close of escrow, only after Plaintiff no longer could do anything about the damage by way of escrow.

21.    It is completely apparent and obvious that Defendant Trustee purposely placed the tarp on the living room floor secured by heavy furniture to prevent Plaintiff from discovering the floor

4

damage and prevent Plaintiff from accessing and inspecting the damaged floor. In fact, Defendant Trustees had difficulty selling the Property due to the floor damage, among other issues with the Property, compelling Defendant to hide the damage with the tarp.

22.    After discovering the damages to both the door and the floor, Plaintiff hired a professional contractor to inspect the damages to the door and the floor and provide a thorough estimate for the repair of the damages, totaling approximately $50,000. Plaintiff hereby brings this lawsuit against Defendant Trustee to cover these damages.

## FIRST CAUSE OF ACTION
### NEGLIGENCE
### (Against Defendant Trustee, and DOES 1 through 50)

23.    Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

24.    Defendant had a duty to Plaintiff to protect the Property from any damage during escrow and prior to the transfer of possession of the Property to Plaintiff.

25.    Defendant did not exercise proper care and breached this duty by causing the doors to the Property to be negligently screwed shut, and in doing so, caused substantial damages to the doors of the Property.

## SECOND CAUSE OF ACTION
### FRAUD - CONCEALMENT
### (Against Defendant Trustee, and DOES 1 through 50)

26.    Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

27.    Defendant Trustee intentionally failed to disclose certain facts that were known only to Defendant—namely the damaged and mold-infested floor--and Plaintiff could not have discovered such facts on her own.

28.    Defendant Trustee prevented Plaintiff from discovering these certain facts.

29.    Defendant Trustee intentionally covered up the floor in the living roof of the Property with tarp secured by multiple pieces of heavy furniture and other personal effects, so that Plaintiff could not have access to the floor to discover the damage and mold infestation. Defendant Trustee failed and refused to disclose the damaged and contaminated floor and Plaintiff could not have discovered such facts on her own given that Defendant Trustee prevented access to the floor for inspection.

30.    Plaintiff did not know of these concealed facts.

31.    Defendant Trustee intended to deceive Plaintiff by concealing these facts.

32.    Had the omitted information been disclosed, Plaintiff reasonably would have behaved differently by using the escrow process to remedy the damage and Plaintiff would not have proceeded with closing escrow without meaningfully addressing the damage.

33.    Plaintiff was harmed in that Plaintiff did not discover the damaged floor and mold infestation until after the close of escrow, after the Occupants were evicted, after the furniture was remove, and after Plaintiff was given possession of the Property, well after Plaintiff could no longer do anything about the damage by way of the escrow process.

34.    Defendant Trustee's concealment was a substantial factor in causing Plaintiff's harm. Plaintiff proceeded with closing escrow on the premise that the floor was free and clear of damage and mold, and Plaintiff's closing of escrow was a substantial factor in causing the harm (all the repair and damage mitigation costs associated with fixing the damages and get rid of the mold on and in the floor).


## VIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment on all causes of action as follows:

(1) For general economic damages in the sum of $100,000.00;

(2) For exemplary and punitive damages;

6

COMPLAINT

1   (3) For consequential damages in the amount to be determined according to proof at time

2       of trial:

3   (4) Award prejudgment interest:

4   (5) For attorney's fees:

5   (6) For costs of suit incurred as allowed by law: and

6   (7) For such other and further relief as the Court deems just and proper.

7

8

9

10  Dated:  April _____. 2018

11

12

13

        _____

14      Ken Ichi Ito. Esq.
        Margaret J. Lee. Esq.
        Attorneys for Plaintiff.
15      HAYA SARA YAVOR

16

17

18

19

20

21

22

23

24

25

26

27

28

electronically FILED by Superior Court of California, County of Los Angeles on 04/19/2019 02:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by B. Torres-Hernandez, Deputy Clerk

Case 1:19-ap-01064-GM    Doc 1    Filed 05/30/19    Entered 05/30/19 14:03:28    Desc
Main Document    Page 13 of 42

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Ken Ichi Ito (SBN 279304) Margaret Lee (SBN 278609) 6464 Laurel Canyon Blvd., Suite 460 North Hollywood, CA 91606 | |
| TELEPHONE NO.: 844-765-8324    FAX NO.: | |
| ATTORNEY FOR (Name): Haya Sara Yavor | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
Haya Sara Yavor v. Nancy Hoffmeier Zamora

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 19STCV13803 |
|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ✓ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 19, 2019

Ken Ichi Ito
(TYPE OR PRINT NAME)                                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CIVIL CASE COVER SHEET

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
  Uninsured Motorist (46) (if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
          Wrongful Death
  Product Liability (not asbestos or
      toxic/environmental) (24)
  Medical Malpractice (45)
      Medical Malpractice–
          Physicians & Surgeons
      Other Professional Health Care
          Malpractice
  Other PI/PD/WD (23)
      Premises Liability (e.g., slip
          and fall)
      Intentional Bodily Injury/PD/WD
          (e.g., assault, vandalism)
      Intentional Infliction of
          Emotional Distress
      Negligent Infliction of
          Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
      Practice (07)
  Civil Rights (e.g., discrimination,
      false arrest) (not civil
      harassment) (08)
  Defamation (e.g., slander, libel)
      (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
          (not medical or legal)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
      Breach of Rental/Lease
          Contract (not unlawful detainer
              or wrongful eviction)
      Contract/Warranty Breach–Seller
          Plaintiff (not fraud or negligence)
      Negligent Breach of Contract/
          Warranty
      Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
          Case
  Insurance Coverage (not provisionally
      complex) (18)
      Auto Subrogation
      Other Coverage
  Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
      Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property (not eminent
          domain, landlord/tenant, or
          foreclosure)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
          Case Matter
      Writ–Other Limited Court Case
          Review
  Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
          Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
      (arising from provisionally complex
      case type listed above) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
      Abstract of Judgment (Out of
          County)
      Confession of Judgment (non-
          domestic relations)
      Sister State Judgment
      Administrative Agency Award
          (not unpaid taxes)
      Petition/Certification of Entry of
          Judgment on Unpaid Taxes
      Other Enforcement of Judgment
          Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (not specified
      above) (42)
      Declaratory Relief Only
      Injunctive Relief Only (non-
          harassment)
      Mechanics Lien
      Other Commercial Complaint
          Case (non-tort/non-complex)
      Other Civil Complaint
          (non-tort/non-complex)

**Miscellaneous Civil Petition**
  Partnership and Corporate
      Governance (21)
  Other Petition (not specified
      above) (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
          Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
          Claim
      Other Civil Petition

| Haya Sara Yavor v  Nancy Hoffmeier Zamora | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1  Class actions must be filed in the Stanley Mosk Courthouse  Central District
2  Permissive filing in central district
3  Location where cause of action arose
4  Mandatory personal injury filing in North District
5  Location where performance required or defendant resides
6  Location of property or permanently garaged vehicle

7  Location where petitioner resides
8  Location wherein defendant/respondent functions wholly
9  Location where one or more of the parties reside
10  Location of Labor Commissioner Office
11  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury)

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury Property Damage Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e g  slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g. assault  vandalism  etc ) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☑ A7220  Other Personal Injury Property Damage Wrongful Death | 1, 4, 11 |

| | Haya Sara Yavor v. Nancy Hoffmeier Zamora | | CASE NUMBER |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1. 2. 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1. 2. 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1. 2. 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1. 2. 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1. 2. 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1. 2. 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1. 2. 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1. 2. 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1. 2. 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2. 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2. 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1. 2. 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1. 2. 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5. 6. 11. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5. 11. |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5. 6. 11. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1. 2. 5. 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1. 2. 3. 5. |
| | | ☐ A6031 Tortious Interference | 1. 2. 3. 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1. 2. 3. 8. 9. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels_____ | 2. 6. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2. 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2. 6. |
| | | ☐ A6032 Quiet Title | 2. 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2. 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6. 11. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6. 11. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2. 6. 11. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2. 6. 11. |

LACIV 109 (Rev. 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| Haya Sara Yavor v. Nancy Hoffmeier Zamora | | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ / Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| Haya Sara Yavor v. Nancy Hoffmeier Zamora | |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases)

REASON:

√ 1. 2. 3. 4. 5. 6. 7. 8. 9. 10. 11.

10351 Oklahoma Avenue

| | STATE | ZIP CODE |
|---|---|---|
| Chatsworth | CA | 91311 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated April 15, 2019 _____

_____
SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev 02-16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Electronically FILED by Superior Court of California, County of Los Angeles on 04/19/2019 07:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

Case 1:19-ap-01064-GM    Doc 1    Filed 05/30/19    Entered 05/30/19 14:03:28    Desc
Main Document    Page 19 of 42

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Nancy Hoffmeier Zamora, an individual; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Haya Saya Yavor, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es)* STANLEY MOSK COURTHOUSE 111 N Hill St. Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* **19STCV13803** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ken Ichi Ito, Margaret Lee; 6400 Laurel Canyon Blvd., #400, North Hollywood, CA 91606, 844-765-8324

| | | | |
|---|---|---|---|
| DATE: April 19, 2019 *(Fecha)* | 04/19/2019 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court *(Secretario)* Heather A. Flores-Hernandez | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 04/19/2019 Sherri R. Carter, Executive Officer / Clerk of Court By: Heather A. Flores-Hernandez, Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 19STCV13803 |
|---|---|

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Stephen I. Goorvitch | 5 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/22/2019
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Heather A. Flores-Hernandez , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**   21

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES, **CENTRAL DISTRICT** (EFFECTIVE APRIL 16, 2018) | ) CASE NO.: 19STCV13803 ) ) STANDING ORDER RE: PERSONAL ) INJURY PROCEDURES, CENTRAL ) DISTRICT ) ) |

---

**DEPARTMENT:**    2 ☐   3 ☐   4 ☐   5 ☑   7 ☐

**FINAL STATUS CONFERENCE ("FSC"):**

- **DATE:** _____10/02/2020_____ AT 10:00 A.M.

**TRIAL:**

- **DATE:** _____10/16/2020_____ AT 8:30 A.M.

**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

- **DATE:** _____04/15/2022_____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

Page 1 of 8

1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."    (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

> A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
>
> A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
>
> A7260 Product Liability (not asbestos or toxic/environmental)
>
> A7210 Medical Malpractice – Physicians & Surgeons
>
> A7240 Medical Malpractice – Other Professional Health Care Malpractice
>
> A7250 Premises Liability (e.g., slip and fall)
>
> A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
>
> A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Standing Order Re Personal Injury Procedures, Central District

1   The Court sets the above dates in this action in the PI Court circled above (Department

2   2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3   (C.R.C. Rules 3.714(b)(3), 3.729.)

4   **FILING OF DOCUMENTS**

5   2.      Parties may file documents in person at the filing window on the first floor of the Stanley

6   Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7   which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no

8   longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9   Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10  legally incompetent person, or person for whom a conservator has been appointed, requests to

11  waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12  410), may not be filed via e-Delivery.

13  **SERVICE OF SUMMONS AND COMPLAINT**

14  3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15  soon as possible but no later than three years from the date when the complaint is filed.

16  (C.C.P. § 583.210, subd.(a).)   On the OSC re Dismissal date noted above, the PI Court will

17  dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18  or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19  4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20  service on defendant(s) of the summons and complaint within six months of filing the complaint.

21  5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22  party appears for trial.

23  **STIPULATIONS TO CONTINUE TRIAL**

24  6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25  § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26  good cause or articulating any reason or justification for the change.   To continue or advance a

27  trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28  window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Standing Order Re Personal Injury Procedures, Central District

24

1   required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2   LACIV CTRL-242, available on the court's website, Personal Injury Court link).  The PI Courts

3   schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to

4   continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5   date.  Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6   court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.

7   (c)(2).)  In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8   following a court holiday.  Parties may submit a maximum of two stipulations to continue trial,

9   for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10  a showing of good cause by noticed motion.   This rule is retroactive so that any previously

11  granted stipulation to continue trial will count toward the maximum number of allowed

12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.    The PI Courts do not conduct Case Management Conferences.  The parties need not file

15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.    Any documents with declarations and/or exhibits must be tabbed.   (C.R.C. Rule

18  3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts

19  attached as exhibits.  (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.    In addition to filing original motion papers at the filing window on the first floor of the

22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27  or more three-ring binders organizing the chambers copy behind tabs.

28  ///

1 | **RESERVATION HEARING DATE**

2 | 10.    Parties are directed to reserve hearing dates for motions in the PI Courts using the Court

3 | Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After

4 | reserving a motion hearing date, the reservation requestor must submit the papers for filing with

5 | the reservation receipt (CRS) number printed on the face page of the document under the caption

6 | and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize

7 | the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday

8 | through Friday, between 3:00 p.m. and 4:00 p.m.

9 | **WITHDRAWAL OF MOTIONS**

10 | 11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

11 | immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI

12 | Courts urge parties who amend pleadings in response to demurrers to file amended pleadings

13 | before the date when opposition to the demurrer is due so that the PI Courts do not needlessly

14 | prepare tentative rulings on demurrers.

15 | **DISCOVERY MOTIONS**

16 | 12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

17 | resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

18 | attorney with full authority to make binding agreements, must attend in person.  The PI judges

19 | have found that, in nearly every case, the parties amicably resolve disputes with the assistance

20 | of the Court.

21 | 13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

22 | Discovery will be heard unless the moving party submits evidence, by way of declaration, that

23 | the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

24 | an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

25 | noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

26 | motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

27 | of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

28 | filing a motion to compel further discovery responses in order to allow time to participate in an

1  IDC.

2      If parties do not stipulate to extend the deadlines, the moving party may file the motion
3  to avoid it being deemed untimely.    However, the IDC must take place before the motion is
4  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
5  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery
6  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance
7  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date
8  that complies with the notice requirements of the Code of Civil Procedure.

9  14.    Parties are directed to reserve IDC dates in the PI Courts using CRS available online at
10  www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available
11  dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation
12  requestor must file in the appropriate department and serve an Informal Discovery Conference
13  Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days
14  prior to the conference and attach the CRS reservation receipt as the last page.  The opposing
15  party may file and serve a responsive IDC form, briefly setting forth that party's response, at
16  least 10 court days prior to the IDC.

17  15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to
18  resolve other types of discovery disputes.

19  **EX PARTE APPLICATIONS**

20  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a
21  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"
22  "immediate danger," or where the moving party identifies "a statutory basis for granting relief
23  ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*
24  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI
25  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate
26  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*
27  relief, the moving party should reserve the earliest available motion hearing date (even if it is
28  after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

Standing Order Re Personal Injury Procedures, Central District

27

1  the Court Reservation System from time to time because earlier hearing dates may become
2  available as cases settle or hearings are taken off calendar.

3  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5  Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6  mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7  Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8  the PI Courts link).   The PI Courts will transfer a matter to an I/C Court if the case is not a
9  "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10  a personal injury case is "complicated" the PI Courts will consider, among other things, the
11  number of pretrial hearings or the complexity of issues presented.

12  18.    Parties opposing a motion to transfer have five court days to file (at the filing window
13  on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14  (using the same LACIV 238 Motion to Transfer form).

15  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16  Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17  PI Courts will make an independent determination whether to transfer the case or not.

18  **FINAL STATUS CONFERENCE**

19  20.    Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20  Order Re Final Status Conference," which shall be served with the summons and complaint.

21  **JURY FEES**

22  21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23  complaint. (C. C. P. § 631, subds. (b) and (c).)

24  **JURY TRIALS**

25  22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
26  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
27  will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28  Courtrooms.

**SANCTIONS**

23.    The Court has discretion to impose sanctions for any violation of this general order.

(C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated: *April 16, 2018*

Debre K. Weintraub
Supervising Judge of Civil Courts
Los Angeles Superior Court

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/25/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____Lillian Castillejo_____ Deputy

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Haya Sara Yavor

DEFENDANT/RESPONDENT:
Nancy  Hoffmeier Zamora

**CERTIFICATE OF MAILING**

CASE NUMBER:
19STCV13803

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the PI General Order, Standing Order re PI Procedures and Hearing Dates  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Ken Ichi Ito
Green Solar Technologies, Inc.
6400 Laurel Canyon Boulevard, Suite 400
North Hollywood, CA  91606

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 04/25/2019

By:  Lillian Castillejo
Deputy Clerk

**CERTIFICATE OF MAILING**

30

Electronically FILED by Superior Court of California, County of Los Angeles on 05/15/2019 05:09 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Galicia Mabalay, Deputy Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Ken Ichi Ito (SBN 279304); Margaret Lee (SBN 278609)<br>6400 Laurel Canyon Blvd., Suite 400<br>North Hollywood, CA 91606<br><br>TELEPHONE NO.: 844-765-8324 FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Haya Sara Yavor | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

| PLAINTIFF/PETITIONER: Haya Sara Yavor | CASE NUMBER:<br>19STCV13803 |
|---|---|
| DEFENDANT/RESPONDENT: Nancy Hoffmeier Zamora | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✔ summons
   b. ✔ complaint
   c. ✔ Alternative Dispute Resolution (ADR) package
   d. ✔ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ✔ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location

3. a. Party served *(specify name of party as shown on documents served):*
      Nancy Hoffmeier Zamora

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   633 W. 5th St. #2600, Los Angeles, CA 90071
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*
   b. ✔ **by substituted service.** On *(date):* 04/30/2019 at *(time):* 2:30 p.m I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      Samantha Louie, Receptionist to the office floor
      (1) ✔ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ✔ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 5/1/2019 from *(city):* North Hollywood or ☐ a declaration of mailing is attached.
      (5) ✔ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

31

| PLAINTIFF/PETITIONER: Haya Sara Yavor | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nancy Hoffmeier Zamora | 19STCV13803 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*:                           (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☑ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☑ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
      under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)                      ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)              ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)                    ☐ 415.46 (occupant)
                                                  ☐ other:

7. **Person who served papers**
   a. Name: Melissa Duenas
   b. Address: 6400 Laurel Canyon Blvd., Suite 400, North Hollywood, CA  91606
   c. Telephone number: 844-765-8324
   d. **The fee** for service was: $ 0
   e. I am:
      (1) ☑ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and I** certify that the foregoing is true and correct.

Date: May 10, 2019

Melissa Duenas
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR  MARSHAL)

▶ _____
(SIGNATURE )

POS-010  [Rev. January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**                    Page 2 of 2

**MC-030**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ken Ichi Ito (SBN 279304); Margaret Lee (SBN 278609)<br>6400 Laurel Canyon Blvd., Suite 400<br>North Hollywood, CA 91606<br><br>TELEPHONE NO.: 844-765-8324    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Haya Sara Yavor | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF/PETITIONER: Sara Haya Yavor

DEFENDANT/RESPONDENT: Nancy Hoffmeier Zamora

| DECLARATION | CASE NUMBER:<br>19STCV13803 |
|---|---|

I, Melissa Duenas, hereby declare that I arrived to the office of Ms. Nancy Hoffmeier Zamora around 2:30 p.m. on Tuesday, April 30, 2019. I was let up to the floor of Ms. Zamora's office by the guard on duty.

Upon my arrival, I was greeted by the floor receptionist, Samantha Louie, who informed me that Ms. Zamora was not in the building.

Ms. Louie proceeded to call Ms. Zamora's assistant but was unsuccessful reaching her. Ms. Louie stated that I could leave any documents with her to deliver to Ms. Zamora.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 05/10/2019

Melissa Duenas
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for  ☐ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other *(Specify):*

2018-SJ-006-00

**FILED**
Superior Court of California
County of Los Angeles

**APR 16 2018**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Stephanie Chung

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned To the Personal Injury Courts (Departments 2, 3, 4, 5 and 7 of the Spring Street Courthouse) | FIRST AMENDED STANDING ORDER – RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of April 16, 2018) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court **HEREBY AMENDS AND SUPERSEDES ITS JANUARY 2, 2018 STANDING ORDER–RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

1. **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

Page 1 of 5

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

34

1    **2.    TRIAL DOCUMENTS TO BE FILED**

2    At least five calendar days prior to the Final Status Conference, the parties/counsel

3    shall serve and file (in Room 102 of the Stanley Mosk Courthouse or by e-Delivery) the

4    following Trial Readiness Documents:

5    **A.    TRIAL BRIEFS (OPTIONAL)**

6    Each party/counsel may file, but is not required to file, a trial brief succinctly

7    identifying:

8    (1) the claims and defenses subject to litigation;

9    (2) the major legal issues (with supporting points and authorities);

10    (3) the relief claimed and calculation of damages sought; and

11    (4) any other information that may assist the court at trial.

12    **B.    MOTIONS IN LIMINE**

13    Before filing motions in limine, the parties/counsel shall comply with the

14    statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the

15    requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each

16    motion in limine shall concisely identify the evidence that the moving party seeks to

17    preclude. Parties filing more than one motion in limine shall number them consecutively.

18    Parties filing opposition and reply papers shall identify the corresponding motion number in

19    the caption of their papers.

20    **C.    JOINT STATEMENT TO BE READ TO THE JURY**

21    For jury trials, the parties/counsel shall work together to prepare and file a joint

22    written statement of the case for the court to read to the jury. Local Rule 3.25(g)(4).

23    **D.    JOINT WITNESS LIST**

24    The parties/counsel shall work together to prepare and file a joint list of all

25    witnesses in alphabetical order by last name that each party intends to call (excluding

26    impeachment and rebuttal witnesses). Local Rule 3.25(g)(5). The joint witness list shall

27    identify each witness by name, specify which witnesses are experts, and estimate the length

28    of the direct, cross examination and re-direct examination (if any) of each witness. The

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

1    parties/counsel shall identify all potential witness scheduling issues and special

2    requirements. Any party/counsel who seeks to elicit testimony from a witness not identified

3    on the witness list must first make a showing of good cause to the trial court.

4          **E.**     **LIST OF PROPOSED JURY INSTRUCTIONS**

5              **(JOINT AND CONTESTED)**

6          The parties/counsel shall jointly prepare and file a list of proposed jury

7    instructions, organized in numerical order, specifying the instructions upon which all sides

8    agree and the contested instructions, if any. The List of Proposed Jury Instructions must

9    include a space by each instruction for the judge to indicate whether the instruction was

10    given.

11          **F.**     **JURY INSTRUCTIONS**

12              **(JOINT AND CONTESTED)**

13          The parties/counsel shall prepare a complete set of full-text proposed jury

14    instructions, editing all proposed California Civil Jury Instructions ("CACI") and insert party

15    name(s) and eliminate blanks and irrelevant material. The parties/counsel shall prepare

16    special instructions in a format ready for submission to the jury with the instruction number,

17    title, and text only (i.e., there should be no boxes or other indication on the printed

18    instruction itself as to the requesting party).

19          **G.**     **JOINT VERDICT FORM(S)**

20          The parties/counsel shall prepare and jointly file a proposed general verdict

21    form or special verdict form (with interrogatories) acceptable to all sides. Local Rule

22    3.25(g)(8). If the parties/counsel cannot agree on a joint verdict form, each party must

23    separately file a proposed verdict form.

24          **H.**     **JOINT EXHIBIT LIST**

25          The parties/counsel shall prepare and file a joint exhibit list organized with

26    columns identifying each exhibit and specifying each party's evidentiary objections, if any, to

27    admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve

28    objections to the admissibility of each exhibit.

**Page 3 of 5**

1   **I.   PAGE AND LINE DESIGNATION FOR**

2   **DEPOSITION AND FORMER TESTIMONY**

3   If the parties/counsel intend to use deposition testimony or former trial

4   testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer

5   and jointly prepare and file a chart with columns for each of the following:  1) the line and

6   page designations of the deposition or former testimony requested for use, 2) objections,

7   3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

8   **3.   EVIDENTIARY EXHIBITS**

9   The parties/counsel shall jointly prepare (and be ready to temporarily lodge for

10  inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-

11  marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial

12  Assistant and the witnesses).  The parties/counsel shall mark all non-documentary exhibits

13  and insert a simple written description of the exhibit behind the corresponding numerical tab

14  in the exhibit binder.  If the parties have a joint signed exhibit list and electronic copies of

15  their respective exhibits, then the parties/counsel will not be required to produce exhibit

16  binders at the FSC.  However, the exhibit binders may be required by the assigned trial

17  judge when the trial commences.  In the absence of either a joint signed exhibit list or

18  electronic copies, exhibit binders will be required by all parties/counsel at the FSC.

19  **4.   TRIAL BINDERS REQUIRED IN THE PI COURTS**

20  The parties/counsel shall jointly prepare (and be ready to temporarily lodge and

21  include the following for inspection at the FSC) the Trial Documents consisting of conformed

22  copies, tabbed and organized into three-ring binders with a table of contents that includes

23  the following:

24  Tab A:      Trial Briefs (Optional)

25  Tab B:      Motions in Limine

26  Tab C:      Joint Statement to Be Read to the Jury

27  Tab D:      Joint Witness List

28  ///

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

37

1       **Tab E:**       Joint List of Jury Instructions (identifying the agreed upon and

2 contested instructions)

3       **Tab F:**       Joint and Contested Jury Instructions

4       **Tab G:**       Joint and/or Contested Verdict Form(s)

5       **Tab H:**       Joint Exhibit List

6       **Tab I:**       Joint Chart of Page and Line Designation(s) for Deposition and Former

7 Testimony

8       **Tab J:**       Copies of the Current Operative Pleadings (including the operative

9 complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

10       The parties/counsel shall organize motions in limine (tabbed in numerical order)

11 behind Tab B with the opposition papers and reply papers for each motion placed directly

12 behind the moving papers. The parties shall organize proposed jury instructions behind

13 Tab F, with the agreed upon instructions first in order followed by the contested instructions

14 (including special instructions) submitted by each side.

15       **5.**       **FAILURE TO COMPLY WITH FSC OBLIGATIONS**

16       The court has discretion to require any party/counsel who fails or refuses to comply

17 with this Amended Standing Order to show cause why the Court should not impose

18 monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking

19 of an answer).

20

21

22 Dated *April 16, 2018*           *Debra K Weintraub*

23                       Debre K. Weintraub

                       Supervising Judge, Civil

24                       Los Angeles Superior Court

25

26

27

28

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

---

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   - JAMS, Inc.: Case Manager (213) 253-9776  mdawson@jamsadr.com
   - Mediation Center of Los Angeles: Case Manager: (833) 476-9145  Info@mediationLA.org

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   - Free or low-cost mediations before the day of trial for these and other case types.
   - For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
     http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

**Los Angeles Superior Court ADR website:** www.lacourt.org/division/civil/settlement
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF REMOVAL** will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**May 30, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **May 30, 2019**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Attorneys for Plaintiff</u>
Ken Ichi Ito
Margaret J. Lee
6400 Laurel Canyon Blvd., Suite 400
North Hollywood, CA 91606

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 30, 2019**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

**BY PERSONAL DELIVERY**

Honorable Geraldine Mund
United States Bankruptcy Court
San Fernando Valley Division
21041 Burbank Blvd., Bin on First Floor
Woodland Hills, CA  91367-6606

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 30, 2019 | NIKOLA A. FIELDS | /s/ Nikola A. Fields |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Jessica L Bagdanov    jbagdanov@bg.law, ecf@bg.law
- Katherine Bunker    kate.bunker@usdoj.gov
- Stephen L Burton    steveburtonlaw@aol.com, ellie.burtonlaw@gmail.com
- Allison Chua    achua@mcglinchey.com,
  mhegel@mcglinchey.com;crico@mcglinchey.com;selizondo@mcglinchey.com
- Matthew R. Clark    bankruptcyecfs@gmail.com, mclark@ecf.courtdrive.com
- Theron S Covey    tcovey@rasflaw.com, CAECF@tblaw.com
- Sean C Ferry    sferry@ecf.courtdrive.com, bkyecf@rasflaw.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Merdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
- Jill L Kim    Jill@onelawcorp.com, Jill.Lee.Kim@gmail.com
- Benjamin R Levinson    ben@benlevinsonlaw.com, courtney@benlevinsonlaw.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-
  law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- Kelly M Raftery    bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
- Dean G Rallis    drallis@afrct.com,
  msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com;drallis@ecf.courtdrive.com
- S Margaux Ross    margaux.ross@usdoj.gov
- David Seror    dseror@bg.law, ecf@bg.law
- Charles Shamash    cs@locs.com, generalbox@locs.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Reilly D Wilkinson    rwilkinson@scheerlawgroup.com
- A David Youssefyeh    david@adylaw.com
- Robert P Zahradka    caecf@tblaw.com
- Nancy J Zamora (TR)    zamora3@aol.com, nzamora@ecf.axosfs.com
- Kristin A Zilberstein    bknotifications@ghidottiberger.com;gbadmin@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**